# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-44-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| PAUL DARRELL RED EAGLE, SR., | |
| Defendant. | |

## I. Synopsis

Defendant Paul Darrell Red Eagle, Sr. (Red Eagle) has been accused of violating the conditions of his supervised release. Red Eagle admitted all of the alleged violations, except two. Red Eagle's supervised release should be revoked. Red Eagle should be placed in custody for 4 months, with 32 months of supervised release to follow.

## II. Status

Red Eagle pleaded guilty to Possession with the Intent to Distribute Methamphetamine on October 19, 2015. (Doc. 51). The Court sentenced Red Eagle to 40 months of custody, followed by 3 years of supervised release. (Doc. 75). Red Eagle's current term of supervised release began on November 23, 2018. (Doc. 92 at 1).

**Petition**

The United States Probation Office filed a Petition on January 14, 2019, requesting that the Court revoke Red Eagle's supervised release. (Doc. 92). The Petition alleges that Red Eagle violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using methamphetamine; 3) by failing to report for substance abuse treatment; and 4) committing another crime. (Doc. 92 at 1-2). United States District Court Judge Brian Morris issued a warrant for Red Eagle's arrest.

**Initial appearance**

Red Eagle appeared before the undersigned for his initial appearance on February 6, 2019. Red Eagle was represented by counsel. Red Eagle stated that he had read the petition and that he understood the allegations. Red Eagle waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 6, 2019. Red Eagle admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using methamphetamine; and 3) by failing to report for substance abuse treatment. The government made no attempt to prove that Red

Eagle committed another crime. The violations are serious and warrant revocation of Red Eagle's supervised release.

Red Eagle's violations are Grade C violations. Red Eagle's criminal history category is I. Red Eagle's underlying offense is a Class C felony. Red Eagle could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Red Eagle's supervised release should be revoked. Red Eagle should be incarcerated for 4 months, with 32 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Red Eagle that the above sentence would be recommended to Judge Morris. The Court also informed Red Eagle of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Red Eagle that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Red Eagle stated that he wished to

waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a district court judge.

The Court **FINDS:**

> That Paul Darrell Red Eagle, Sr. violated the conditions of his supervised release by by consuming alcohol, by using methamphetamine, and by failing to report for substance abuse treatment.

The Court **RECOMMENDS:**

> That the District Court revoke Red Eagle's supervised release and commit Red Eagle to the custody of the United States Bureau of Prisons for a term of imprisonment of 4 months, with 32 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of February, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge